IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL ACTION NO. 1:04CR151

KENNETH JASON BEARDON

## ORDER

This cause is before the Court on the government's Motion in Limine to Exclude Certain Testimony [38]. The Court, having reviewed the motion, the response, the authorities cited, and being otherwise fully advised in the premises, finds as follows, to-wit:

The government seeks the exclusion of all testimony regarding the psychological evaluation of the defendant by W. Criss Lott, Ph.D. as violative of Federal Rules of Evidence 704(b). F.R.E. 704(b) provides: "No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are for the trier of fact alone."

The government identified two portions of Dr. Lott's report as objectionable. Subparagraph 17 entitled "Extreme minimization/denial of sex offense" indicated that the defendant's "understanding and appreciation of the <u>illegality</u> of observing child pornography is questionable." Furthermore, in his report summary, Dr. Lott noted: "It is my opinion that [the defendant] is <u>now very aware of the illegality</u> of viewing and possessing child pornography, and he would avoid engaging in this behavior in the future." The prosecution asserts that Dr. Lott's testimony directly

violates the 704(b) prohibition and that his testimony should be excluded on that basis. U.S. v. Speer, 30 F.3d 605, 609-10 (5th Cir. 1994). The government's characterization of Lott's highlighted testimony is accurate; Dr. Lott's opinion as set forth in his evaluation transgresses the limitation established by Rule 704(b).

As a further matter, Lott's testimony is subject to exclusion under F.R.E. 403 inasmuch as Lott's testimony regarding the defendant's knowledge and criminal intent will confuse and mislead the jury. The prosecution need only prove that the defendant knowingly possessed child pornography and that he knew that the images were of child pornography. See Instruction 75.4 (Child Pornography Receiving, Possessing, Distributing 18 U.S.C. § 2252A(a)(2)(A) and (5)(B), Pattern Criminal Jury Instruction (11th Cir. 2003)). There is no requirement that the government prove willfulness on the part of the defendant, e.g., that Beardon knew that possession of child pornography was illegal and then acted voluntarily and purposely to violate the law by possessing child pornography. See Instruction 1.38, Fifth Circuit Pattern Jury Instructions (West 2001). Admission of testimony that suggests Beardon lacked knowledge of the illegality of possessing child pornography will only serve to mislead the jury in its deliberations. Accordingly, the government's motion is well-taken and should be granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the government's Motion in Limine to Exclude Certain Testimony [38] is well-taken and should be, and hereby is, GRANTED. IT IS FURTHER ORDERED that the defendant is precluded from offering any testimony regarding the psychological evaluation of the defendant by W. Criss Lott, Ph.D. relative to whether Beardon possessed the requisite mental state constituting an element of the crime and/or relative to whether Beardon knew of the illegal nature of the conduct with which he is charged.

SO ORDERED, this the 15th day of August, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE